IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Defiance Charters, LLC § § § | |
| *Petitioner* § § | Civil Action No. 0:22-cv-62020 |
| v. § § | |
| Florida Yacht Management, LLC § § | |
| *Respondent* § | |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**PETITION FOR ORDER COMPELLING ARBITRATION**

COMES NOW the Petitioner, Defiance Charters, LLC, hereinafter "Defiance Charters", by and through its undersigned attorneys, and pursuant to 9 U.S.C §§ 3-5, files this Petition for an Order Compelling Arbitration, stating as follows:

**SUMMARY OF ACTION**

This action comes before the Court between two parties who agree that their dispute is subject to arbitration, but disagree as to the number and selection of arbitrators under the underlying arbitration agreement and arbitration rules invoked therein. Consequently the arbitration has suffered a mechanical breakdown which cannot be resolved by the parties or the arbitrators, because the composition of the arbitration panel is disputed. Pursuant to 9 U.S.C § 5, the Court has the authority and the mandate to appoint the arbitration panel so that the arbitration may proceed.

The dispute arises from a contract between Petitioner Defiance Charters and Respondent Florida Yacht Management, LLC ("FYM"), which contract contains a clause for mandatory

1

arbitration to be conducted under the Miami Maritime Arbitration Council (MMAC) Rules, and specific terms for the selection of arbitrators. Petitioner Defiance Charters argues that the language in the parties' contract specifying the selection of arbitrators – which Respondent FYM wrote – should control. Respondent argues to the contrary that the default MMAC Rules for selection of arbitrators, which are inconsistent with the terms of the parties' contract, should control. This dispute is significant, as under the terms of the parties' contract the sole arbitrator nominated by Defiance Charters will preside over the arbitration – whereas under the MMAC Rules, three arbitrators selected by both parties would be empaneled.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 203, which provides: "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

2. The Court additionally has subject matter jurisdiction under 28 U.S.C. § 1333, Admiralty Jurisdiction, where the underlying dispute is for a breach of maritime contract and for maritime tort. Namely, the contract between the parties was to provide services on a vessel in navigation, and Petitioner's underlying tort claims are for damages arising from a fire on board that same vessel.

3. Subject Matter Jurisdiction is also appropriate under 28 U.S.C. § 1332, where Petitioner and Defendant are diverse corporate citizens and the amount in controversy is greater than $75,000 exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, where the contract under

dispute was formed and was to be performed in Fort Lauderdale, Florida, where the vessel fire giving rise to the underlying claims occurred in Fort Lauderdale, Florida, where the Respondent is a corporate resident of Fort Lauderdale, Florida, and the arbitration agreement calls for arbitration in the Southern District of Florida.

## PARTIES

5. Petitioner Defiance Charters LLC is a Delaware limited liability company and was the owner of the Motor Vessel Polaris, which caught fire while on the hard in Fort Lauderdale on July 26, 2019.

6. Respondent Florida Yacht Management, LLC is a Florida limited liability company which was engaged by Plaintiff for the care, custody, and maintenance of the M/V Polaris at the time of the fire.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

7. Petitioner Defiance Charters, LLC, the corporate owner of a motor yacht, entered into a contract with Respondent Florida Yacht Management, LLC in March of 2018 for Respondent to provide maintenance, repair, and management services for Petitioner's yacht. *See* Yacht Management Agreement, Exhibit 1 to the accompanying Memorandum in Support.

8. In July of 2019 Petitioner's motor yacht caught fire while in Respondent's custody and care, causing over $1 million in damages. The underlying arbitration is a claim for damages arising from said vessel fire.

9. The Yacht Management Agreement at Section 18 provides for mandatory arbitration of any disputes between the parties, such arbitration to be held in Miami, Florida under the Rules of Procedure of the Miami Maritime Arbitration Council (MMAC). *Id.*

10. Section 18 of the Yacht Management Agreement also provides for an explicit process of selecting arbitrators, which differs from the default selection process set forth in the MMAC Rules.

11. As set forth more fully in the accompanying Memorandum, the principal difference between the arbitrator selection process stipulated in Section 18 of the parties' Agreement and the default MMAC Rules, is as follows:

    a. Under the provisions of the Agreement, one party nominates an arbitrator and the second party has **twenty days** to nominate a second arbitrator. Provided the second party makes a timely nomination, those two arbitrators jointly appoint a third arbitrator. If the second party fails to nominate an arbitrator within twenty days, **the arbitration proceeds with the first party's sole named arbitrator.**

    b. Under the default provisions of MMAC Rule 7, after the first party nominates its arbitrator the second party has **thirty days** to nominate a second arbitrator. Provided the second party makes a timely nomination, those two arbitrators jointly appoint a third arbitrator. If the second party fails to name an arbitrator within thirty days, **the Miami Maritime Arbitration Council** appoints a second arbitrator, and the two arbitrators thus empaneled nominate the third arbitrator.

12. The reason this matter comes before the Court on a Petition to Compel Arbitration, is that following Petitioner's nomination of an arbitrator on March 28, 2022, Respondent failed to nominate its own arbitrator within twenty days, as required by Section 18 of the parties' Agreement.

13. Petitioner argues that the language of the parties' Agreement controls, and therefore the arbitration should proceed under Petitioner's sole named arbitrator.

14. Respondent argues that the language of the MMAC Rules controls despite the explicit contrary language of the parties' contract – which Respondent itself drafted – and therefore that the arbitration should proceed with three arbitrators. Again, these issues are briefed more thoroughly in the accompanying Memorandum.

# FIRST CLAIM
## (Order Compelling Arbitration and Designating Arbitrator Pursuant to 9 U.S.C. §§ 3-5)

15. The parties to this action are parties to a contract entitled Yacht Management Agreement, attached as Exhibit 1 to the accompanying Memorandum in Support.

16. The Yacht Management Agreement at Section 18 provides for mandatory arbitration of any disputes between the parties. *Id.*

17. The Federal Arbitration Act, 9 U.S.C § 1, *et seq.* provides at section 4:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

18. The Federal Arbitration Act, 9 U.S.C § 1, *et seq.* provides at section 5:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

19. The parties in this dispute are agreed that they are bound to arbitrate, but disagree as to the manner of selecting the arbitrator(s) and their number, constituting a "lapse" of the arbitration within the meaning of 9 U.S.C § 5.

20. Consequently, in order to resolve the mechanical breakdown of the underlying arbitration, Petitioner respectfully requests the Court to order that the arbitration proceed pursuant to its 9 U.S.C § 4 authority, and that the arbitration proceed with a sole arbitrator pursuant to its 9 U.S.C § 5 authority, and that the sole arbitrator empaneled be Robert S. Glenn, Jr., for the reasons set out more fully in the accompanying Memorandum as required by 9 U.S.C § 6 and S.D. Fla. L.R. 7.1(a) .

WHEREFORE, for these reasons and those more fully stated in the attached Memorandum Support, Petitioner Defiance Charters respectfully requests this Court to issue an Order directing arbitration of the parties' dispute under a single arbitrator, and staying these proceedings pending said arbitration.

Respectfully Submitted
October 31, 2022

_____/s/_____
Justin S. Fiorilli (FL. Bar No. 111481)
Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
justin@fiorillillaw.com

Pro Hac Vice to be filed
Todd D. Lochner
(MD Bar No. 25691)
tlochner@boatinglaw.com
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401
(443) 716-4400
*Attorneys for the Petitioner
Defiance Charters, LLC*

**Local Rule 5.2(a) Certificate of Service**

I hereby certify that a true and correct copy of the foregoing initial pleading, together with summons when issued, will be served pursuant to Fed. R. Civ. P. Rule 4 on the following:

Florida Yacht Management, LLC
2525 Marina Bay Dr. West
Fort Lauderdale, FL 33312
*Respondent*

                                                                                                    _____/s/_____
                                                                                                     Justin S. Fiorilli