UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-62020-BLOOM/Valle

DEFIANCE CHARTERS, L.L.C.,

    Plaintiff,

v.

FLORIDA YACHT MANAGEMENT, LLC,

    Defendant.
_____/

### ORDER ON PEITITON FOR ORDER COMPELLING ARBITRATION

**THIS CAUSE** is before the Court upon Plaintiff's Petition to Compel Arbitration, ECF No. [1-3], filed on October 31, 2022 ("Motion"). On December 19, 2022, Defendant filed a Memorandum of Law in Opposition to Petition for Order Compelling Arbitration, ECF No. [10-1], ("Response"), to which Plaintiff did not Reply. The Court has considered the Motion, all opposing and supporting submissions, the record in this case, the relevant law, and is otherwise fully advised. For the reasons set forth below the Motion is denied.

**I.    BACKGROUND**

The Parties entered into a Yacht Management Agreement ("Agreement"). ECF No. [1-4] The Agreement contains a section titled "Law and Arbitration," which reads in relevant part:

> The parties shall resolve any dispute relating to or arising from this agreement by binding, confidential arbitration in Miami, Florida, or such other place as the parties may agree, according to the Rules of Procedure of the Miami Maritime Arbitration Council (the "MMAC") in effect at the commencement of the arbitration. The parties will appoint three (3) arbitrators as follows: each party shall appoint an arbitrator, and the two arbitrators so appointed will jointly appoint a third arbitrator. If one party appoints its arbitrator and the other party fails to appoint an arbitrator within twenty (20) days after receiving notice of the first arbitrator's appointment, the first arbitrator will act as sole arbitrator and his decision will be binding as if issued by a panel of three arbitrators.

*Id*. at ¶ 18. The Miami Maritime Arbitration Council ("MMAC") Rules referenced in the Agreement contain their own procedure for the appointment of arbitrators. Article 7, of the MMAC Rules reads:

> 1. If three arbitrators are to be appointed, each party shall appoint one arbitrator. The two arbitrators thus appointed shall choose the third arbitrator from the Miami Maritime Arbitration Council's list of approved arbitrators, who will act as the presiding arbitrator of the tribunal.
> 2. If within thirty (30) days after the receipt of a party's notification of the appointment of an arbitrator, the other party has not notified the first party of the arbitrator he has appointed, the first party may request the Miami Maritime Arbitration Council to appoint the second arbitrator.
> 3. If within thirty (30) days after the appointment of the second arbitrator the two arbitrators have not agreed on the choice of the presiding arbitrator, the presiding arbitrator shall be appointed by the Miami Maritime Arbitration Council in the same way as a sole arbitrator would be appointed under Article 6.

ECF No. [1-6] at 3.

On March 28, 2022, Plaintiff sent its Notice of Arbitration ("Notice") to Defendant. In the last paragraph of the Notice, Plaintiff wrote:

> Going forward, pursuant to Article 7 of the MMAC the first item of business is to nominate our arbitrators. By this Notice of Arbitration, Claimant nominates Robert S. Glenn, Jr. as arbitrator.

ECF No. [1-5] at 3. Thirty days later, on April 27, 2022, Defendant appointed its arbitrator. *See* ECF Nos. [1-3] at 2, [10-2] at 1. Plaintiff objected to Defendant's appointment of an arbitrator as untimely. ECF No. [10-2]. The parties have not resolved their disagreement over the composition of the arbitral panel that will hear their dispute.

Plaintiff filed the instant Motion in which it contends that the selection of arbitrators properly proceeds under the terms of the arbitration clause ("Arbitration Clause") in the parties' underlying Agreement rather than according to the default rules of the MMAC. Defendant responds that because Plaintiff appointed its arbitrator under Article 7 of the MMAC, the

Agreement did not contain a time is of the essence clause, and there is no prejudice to Plaintiff proceeding with three arbitrators, Plaintiff's Petition should be denied, and arbitration should proceed with three arbitrators.

## II. LEGAL STANDARD

"The Federal Arbitration Act (FAA) simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Goldberg v. Bear, Stearns & Co., Inc.*, 912 F.2d 1418, 1420 (11th Cir. 1990) (internal quotation marks omitted). "[T]he authority of the arbitrators in an arbitration proceeding is dependent on the provisions of the arbitration agreement under which the arbitrators were appointed." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011) (internal quotation marks omitted). "The FAA expressly provides that where a method for appointment is set out in [an] arbitration agreement, the agreed upon method of appointment shall be followed." *Ray v. Longhi*, 3:20-CV-213-J-32JRK, 2021 WL 307373, at *4 (M.D. Fla. Jan. 29, 2021) (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672–73 (5th Cir. 2002)) (internal quotation marks omitted). "[B]ecause arbitration is a creature of contract, the parties, when incorporating any set of arbitration rules by reference in an arbitration agreement, are free to include provisions in conflict with certain provisions of rules incorporated by reference; the specific provisions in the arbitration agreement take precedence and the arbitration rules are incorporated only to the extent that they do not conflict with the express provisions of the arbitration agreement." *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831-32 (11th Cir. 1991).

## III. DISCUSSION

No party challenges that their underlying dispute is subject to arbitration. The issue before the Court is whether Defendant's appointment of an arbitrator thirty days after receiving Plaintiff's

3

Notice of Arbitration, in which Plaintiff appointed the first arbitrator, is valid. Plaintiff contends that, pursuant to the controlling terms of the Agreement, Defendant's selection of its arbitrator was untimely so arbitration should proceed with its arbitrator as the sole arbitrator. Defendant argues that (1) Plaintiff waived the contractual right to select arbitrators in accordance with the Agreement; (2) Plaintiff should be equitably estopped from proceeding with a sole arbitrator; (3) Plaintiff did not provide proper notice when it selected its arbitrator; and (4) the Agreement does not contain a time is of the essence clause and Plaintiff will not be prejudiced if arbitration proceeds with three arbitrators.

### A. Competing Terms

Plaintiff argues that the arbitrator selection process dictated by the parties' Agreement controls. Plaintiff contends that contractual modifications of arbitration rules supersede default provisions as a matter of law and that the MMAC Rules themselves compel the application of any modifications. Defendant does not dispute those arguments, and instead states that Plaintiff "misapprehends why Article 7 of the Miami Maritime Arbitration Council ("MMAC") Rules applies (rather than the contract) under the salient facts in this matter." ECF No. [10-1] at 1.

Plaintiff has articulated the correct rule. Agreements to arbitrate are enforced as contracts. As stated above, "[B]ecause arbitration is a creature of contract, the parties, when incorporating any set of arbitration rules by reference in an arbitration agreement, are free to include provisions in conflict with certain provisions of rules incorporated by reference; the specific provisions in the arbitration agreement take precedence and the arbitration rules are incorporated only to the extent that they do not conflict with the express provisions of the arbitration agreement." *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831-32 (11th Cir. 1991).

The issue raised here is not a dispute over whether the modifications to the MMAC Rules contained in the Agreement are enforceable as terms included in a contract between two parties. Instead, the Court must decide whether Plaintiff waived its rights under the Agreement, whether Plaintiff must be equitably estopped from enforcing its rights, or whether Plaintiff breached the Agreement by providing insufficient notice of arbitration. The Court therefore addresses those issues.

### B. Waiver or Modification of Agreement

Defendant argues that because Plaintiff elected to invoke Article 7 when it selected an arbitrator, Plaintiff waived or modified the terms of the Agreement.

Waiver "'is the intentional relinquishment or abandonment of a known right.'" *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). "In Florida, implied waiver of a contractual right requires conduct which implies the voluntary and intentional relinquishment of a known right." *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1142 (11th Cir. 2019) (internal quotation marks omitted).

Defendant emphasizes that the section of Plaintiff's Notice of Arbitration ("Notice") nominating an arbitrator reads:

> Going forward, pursuant to Article 7 of the MMAC the first item of business is to nominate our arbitrators. By this Notice of Arbitration, Claimant nominates Robert S. Glenn, Jr. as arbitrator.

ECF No. [1-5] at 3. Defendant contends that by such Notice, Plaintiff waived its right to select arbitrators according to the procedures set forth in the Agreement and instead elected to proceed under Article 7 of the MMAC. Plaintiff counters that Defendant now seeks to void the language in the Agreement it specifically drafted.

Relevant to the analysis of waiver, Defendant concedes that in the same Notice in which Plaintiff nominated its arbitrator, Plaintiff invoked reference to the Arbitration Clause stating, "[r]eference is hereby made to the Arbitration Clause found at Section 18 of the parties' Yacht Management Agreement, attached hereto as Attachment 1." *Id*. at 2. The record also establishes that when Defendant appointed its arbitrator thirty days after it received Plaintiff's Notice, Plaintiff objected the following day. *See* ECF No. [10-2].

The Court therefore finds that Plaintiff did not act inconsistently with its rights under the Agreement. Although Plaintiff cited Article 7 in its nomination of an arbitrator, it did not expressly waive its rights under the Agreement. Plaintiff's objection one day after Defendant's nomination of an Arbitrator is not conduct from which the Court can draw the conclusion that there was an implied waiver of a contractual right.

C. **Equitable Estoppel**

Defendant argues that Petitioner is estopped from seeking enforcement of the Agreement's twenty-day time limitation for Defendant to select its arbitrator. Plaintiff did not address the issue of equitable estoppel.

Defendant states that equitable estoppel "consists of words or conduct which causes another person to believe a certain state of things exists, and to consequently change his or her position in an adverse way." *Whetstone Candy Co., Inc. v. Kraft Foods, Inc*., 351 F.3d 1067 (11th Cir. 2003).

The Court relies on the more recent standard articulated by the Eleventh Circuit as the controlling law. "[T]he elements of federal common law equitable estoppel in this circuit are: "(1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had

6

reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation.'" *Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1089 (11th Cir. 2013) (quoting *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir.2008)).

The facts reveal that all elements of the Eleventh's Circuit test for equitable estoppel are satisfied. First, Plaintiff represented that it was appointing an arbitrator pursuant to Article 7 of the MMAC while it now asserts that it appointed its arbitrator consistent with the modification to Article 7 of the MMAC contained in the Agreement. Plaintiff misrepresented the material fact of the rule under which it sought to proceed.

The second element is likewise satisfied. Plaintiff was aware of the Agreement and its modified terms at the time it represented that it was proceeding under Article 7 of the MMAC.[1]

As to the third element, Plaintiff knew that the Agreement contained a modified rule limiting the time allotted by the default rule. Plaintiff also stated, and so the Court infers that it knew, that it appointed its arbitrator under Article 7 of the MMAC which provides ten additional days for the selection of an arbitrator. Therefore, Plaintiff had reason to know that the Defendant would believe it had more time to select its arbitrator.

Defendant alleges that it did not know Plaintiff still intended to proceed by the terms of the Agreement when it invoked Article 7 of the MMAC in its Notice. Although the law imputes

---

[1] Even if Plaintiff was not actually aware, the law imputes on a party to a contract knowledge of the contents of that contract. *See Quintana v. Transp. Am., Inc.*, 20-21300-CIV, 2021 WL 7368586, at *3 (S.D. Fla. May 10, 2021), *report and recommendation adopted,* 20-21300-CIV, 2022 WL 538167 (S.D. Fla. Feb. 23, 2022) "[a] party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms, and conditions."

knowledge of the Agreement to Defendant, Defendant has alleged a good-faith belief that based on Plaintiff's Notice it did not know that the method for selection of arbitrators was that set forth in the Agreement controlled, but instead believed that Plaintiff was proceeding under the MMAC Rules. Therefore, the Fourth element is satisfied.

Fifth and finally, Plaintiff's Notice nominating an arbitrator "pursuant to Article 7 of the MMAC" reasonably led Defendant to detrimentally believe that the Article 7 procedure permitting thirty days for selection of the second arbitrator applied. In reliance on that belief, Defendant did not appoint an arbitrator until the thirtieth day.

Having found that each element of the test is satisfied, the Court finds that equitable estoppel applies. Plaintiff is estopped from proceeding with a sole arbitrator. The Court therefore finds that Defendant's appointment of an arbitrator was valid, and arbitration shall proceed pursuant to the terms of the Agreement. Because the Court has determined that arbitration must proceed with three arbitrators on the basis of equitable estoppel, the Court does not proceed to address Defendant's remaining arguments.

## IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [1-3]**, is **DENIED**;
2. The Parties shall proceed to arbitrate this matter with the two arbitrators already appointed and a third arbitrator to be appointed pursuant to the terms of the Agreement;
3. This case is **STAYED** pending arbitration. The parties may file a motion to lift the stay, if necessary, once the arbitration proceedings have concluded.
4. The Clerk of Court shall **ADMINISTRATIVELY CLOSE** the case.

Case No. 22-cv-62020-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 30, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record